**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 94-5777

CHRISTOPHER WAYNE CHAMBERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-94-29-P)

Submitted: January 28, 1997

Decided: February 24, 1997

Before WIDENER, MURNAGHAN, and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant.
Robert J. Conrad, Jr., Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Christopher Wayne Chambers pled guilty pursuant to a plea bargain to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C.A. § 846 (West Supp. 1996). He was sentenced to 151 months imprisonment, followed by five years of supervised release. The district court imposed a $3000 fine. Chambers's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one potential jurisdictional claim but concluding that there are no meritorious grounds for appeal. Chambers was notified of his right to file a supplemental brief, but has not done so. We affirm.

Counsel claims that the district court should not have asserted jurisdiction over Chambers because he was not yet eighteen years old during his early participation in the conspiracy. But counsel concedes that Chambers was eighteen when he committed some overt acts in furtherance of the conspiracy. Conspiracy is a continuing crime, and the fact that Chambers may have become involved in the conspiracy before his eighteenth birthday does not protect him from being prosecuted as an adult as long as his participation continued after his eighteenth birthday. United States v. Spoone, 741 F.2d 680, 687 (4th Cir. 1984). Therefore, this claim lacks merit.

In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm the conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

2